988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Coozie BRITTON, Jr., Plaintiff-Appellant,
v.
UNITED STATES of America; U.S. Department of Labor; Office
of Labor-Management Standards; Jerry G. Thorn,
Defendants-Appellees.
 No. 92-15276.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 1, 1993.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-91-20533-WAI; William A. Ingram, Chief Judge, Presiding.
 N.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Coozie Britton, Jr. appeals pro se the district court's order granting defendants' motion to dismiss for lack of subject-matter jurisdiction or, in the alternative, for judgment on the pleadings. We have jurisdiction to review the district court's order pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 Britton, a federal employee, was a member and steward of the American Federation of Government Employees. Britton had been voted out of office at a union meeting.[1] Following the meeting, the president of the union local initiated disciplinary proceedings against Britton because of Britton's conduct during the meeting. A union trial was held and Britton was found guilty of misconduct.
 
 
 4
 Britton appealed to the Area Administrator ("AA") of the San Francisco office of the Office of Labor-Management Standards, claiming, among other things, that he was denied a full and fair hearing at his trial because the president of the union local was biased against him. The AA denied Britton's appeal and Britton appealed the AA's decision to the Assistant Secretary of Labor for Labor-Management Standards. The Assistant Secretary upheld the AA's decision in part and remanded for further findings on the issue of whether Britton was afforded a full and fair hearing at his union trial. The AA found Britton had been afforded such a hearing and the Assistant Secretary upheld that decision.
 
 
 5
 Britton subsequently filed a petition in district court seeking review of the Assistant Secretary's decisions. The district court granting defendants' motion to dismiss for lack of subject-matter jurisdiction or, in the alternative, for judgment on the pleadings.
 
 
 6
 We note initially that this case presents a jurisdictional question not easily resolved. Specifically, it is unclear whether the district court had jurisdiction to review Britton's petition. We need not resolve this question, however, because this case is readily decided on the merits. See Sundance Land Corp. v. Community First Fed. Sav. & Loan Ass'n, 840 F.2d 653, 665-66 n. 15 (9th Cir.1988).
 
 
 7
 Even assuming the district court had jurisdiction to review the Assistant Secretary's decisions, review of those decisions would have been limited and narrow. See Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 413-14, 416 (1971); Natural Resources Defense Council v. United States Envtl. Protection Agency, 966 F.2d 1292, 1297 (9th Cir.1992). The court could only set aside those decisions if they were found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance in law." 5 U.S.C. § 706(2)(A); see Citizens to Preserve Overton Park, Inc., 401 U.S. at 416; Natural Resources Defense Council, 966 F.2d at 1297. Under this standard, the Assistant Secretary's decisions should be upheld. The decisions are well-reasoned and address each of the issues raised by Britton in his appeal from the Area Administrator's decisions. We therefore affirm the district court's order granting defendants' motion and dismissing this action.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Britton had been charged with misusing union funds in pursuing a grievance he had filed against his employing agency